UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ALVAREZ,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | Case No.: 3:19-cv-1489-GPC<br>Related Case No.: 3:18cr1653-GPC<br><br>**ORDER GRANTING PETITIONER'S MOTION ORDERING THE MCC AND BUREAU OF PRISONS TO PROVIDE MEDICAL RECORDS**<br><br>**[Dkt. No. 45.]** |

On August 8, 2019, Petitioner Francisco Alvarez ("Petitioner"), proceeding with counsel, filed a preventative petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 to vacate involuntary guilty plea and sentence, and to dismiss indictment. (Dkt. No. 39.) On August 21, 2019, Petitioner sought a revised briefing schedule in order to allow him time to obtain medical records from the Metropolitan Correction Center ("MCC") San Diego and the Bureau of Prisons. (Dkt. No. 42.) Because Petitioner was unable to procure records from the MCC and the Bureau of Prisons, on November 1, 2019, Petitioner filed the instant motion directing the MCC and Bureau of Prisons to produce all records within their care, custody or control. (Dkt. No. 45.) On November 14, 2019, the government filed a non-opposition to the motion and sought a revised briefing schedule to allow Petitioner to incorporate the MCC records into an amended motion. Further, it requests that the Court

1

3:19-cv-1489-GPC

order Petitioner to produce a full copy of all medical records that he receives. (*Id.*) Petitioner did not file a reply.

**Discussion**

Rule 6 of the Rules Governing Section 2255 Proceedings provides that a "court may, for good cause, authorize a party to conduct discovery . . . ." Good cause under Rule 6(a) exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). Habeas petitioners may not "use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Ct.*, 98 F.3d 1102, 1106 (9th Cir. 1996).

Here, Petitioner seeks to vacate his guilty plea as involuntary and to dismiss the indictment against him. (Dkt. No. 39.) He argues that at the time he plead guilty he "was suffering serious and continuous delusions and obsessive disorders making him extremely paranoid and terrified. His decision to plead guilty and say whatever he had to say to get himself out of MCC were compelled by fears and delusions and under heavy medication." (*Id.* at 13.) To support his claim that his guilty plea as not voluntary due to his mental condition, Petitioner seeks the records when he was housed at the MCC leading up to his guilty plea in July 2018. Because the discovery relates directly to Petitioner's claim, the Court finds that Plaintiff has demonstrated good cause for the requested discovery from the MCC and Bureau of Prisons.

**Conclusion**

Based on the foregoing, the Court GRANTS Petitioner's motion and DIRECTS the MCC and the Bureau of Prisons to produce all records within their care, custody, or control for Petitioner Francisco Alvarez, register number 68531-298 to his attorney: Ezekiel E. Cortez, 550 West C Street, Suite 790, San Diego, CA 92101 within fourteen (14) days of the date of this Order. Once received, Petitioner shall provide the Government with a copy of all the medical records he has received.

In light of the production of additional records and Respondent's request, the Court

2

sets a revised briefing schedule as follows:

1. Petitioner shall file and serve a complete amended petition for writ of habeas corpus under 28 U.S.C. § 2255 to include all evidence to support his petition on or before **January 24, 2020**.

2. Respondent shall file and serve a responsive memorandum no later than **February 21, 2020**. The response shall include any and all documents relevant to the determination of the issues raised by the motion.

3. If Petitioner wishes to reply to Respondent's responsive memorandum, a reply must be filed no later than **March 13, 2020.**

The hearing set on **December 6, 2019** shall be vacated.

**IT IS SO ORDERED.**

Dated: December 3, 2019

Hon. Gonzalo P. Curiel
United States District Judge